UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIDGET MERCILL COILTON,<br><br>    Petitioner,<br><br>    v.<br><br>EIKENBERGER, Acting Warden,<br><br>    Respondent. | 1:09-CV-00393 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND TERMINATE CASE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On February 27, 2009, Petitioner filed a federal habeas petition challenging a prison disciplinary hearing held on March 5, 2008, in which Petitioner was found guilty of possessing a manufactured weapon. Upon conducting a preliminary review of the petition, on March 20, 2009, the Court issued an order directing Petitioner to show cause within thirty (30) days of the date of service of the order why the petition should not be dismissed for failure to exhaust state remedies. Over thirty days have passed and Petitioner has failed to respond to the court order.

**DISCUSSION**

As stated in the order to show cause, a petitioner who is in state custody and wishes to collaterally challenge her conviction by a petition for writ of habeas corpus must exhaust state

judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

In this case, it appears Petitioner has failed to exhaust state remedies. Petitioner was ordered to show cause why the petition should not be dismissed for the apparent failure to exhaust, but she has not done so. Therefore, the instant petition must be dismissed. 28 U.S.C. § 2254(b)(1).

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED without prejudice; and

2) The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated: **May 7, 2009**         /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE